UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-24992-Civ-TORRES

REYBEL HERNANDEZ,

 *Plaintiff*,

v.

BARCLAYS MORTGAGE TRUST
2022-RPL1, MORTGAGE-BACKED
SECURITIES SERIES 2022-RPL1;
U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

 *Defendants*.
_____/

***ORDER GRANTING MOTION TO DISMISS AMENDED COMPLAINT***

Plaintiff Reybel Hernandez purchased a home in Hialeah through a mortgage lender. Unfortunately for Plaintiff his financial situation soured and he was no longer able to make timely payments on the loan. The mortgage company sued in Florida state court. Plaintiff defended the action but he lost his foreclosure case through a final summary judgment entered against him. Now he seeks a second chance in federal court. But two jurisdictional doctrines bar his path. First, *Rooker-Feldman* forbids federal district courts from reviewing state court judgments. Second, the prior exclusive jurisdiction doctrine prevents this Court from interfering with the state court's ongoing control of the property. Either doctrine independently requires

dismissal. And even if the Court could reach the merits, Hernandez fails to state any viable claim. The motion to dismiss is granted.

## I. BACKGROUND

### A. *The Loan*

In 2005, Hernandez borrowed $263,999 to purchase property in Hialeah, Florida. The loan was secured by a mortgage on the property. [D.E. 6-1 at Index A-B]. Defendant Mortgage Electronic Registration Systems, Inc. (MERS) was named mortgagee as nominee for the original lender, Countrywide Home Loans, Inc. [*Id.* at Index B at 1]. In 2014, Hernandez entered a loan modification agreement. [*Id.* at Index A].

The mortgage passed through several assignments. MERS assigned it to Countrywide Home Loans Servicing LP in 2009. In 2014, the mortgage was assigned from Bank of America to Green Tree Servicing LLC. [*Id.* at Index C]. In 2020, it was assigned from Ditech Financial LLC (doing business as Green Tree Servicing) to New Residential Mortgage LLC. [*Id.* at Index D]. Finally, in 2023, New Residential assigned the mortgage to defendant Barclays Mortgage Trust 2022-RPL1 (the Trust). [*Id.* at Index E].

### B. *The Foreclosure Case*

Hernandez defaulted on the loan. The Trust sued in state court for foreclosure. [*Id.* at Index F]. On September 29, 2025, the state court entered final judgment of foreclosure. [*Id.* at Index G]. The final judgment was then recorded against the property on October 21, 2025, which was a little more than one week before he filed this lawsuit in federal court. [D.E. 1].

During the state court proceeding, the Judge ruled on summary judgment in favor of the Trust, finding that no genuine dispute of material fact prevented entry of judgment and foreclosure on the property. The Trust proved, to the Court's satisfaction, that standing to sue was established through the Trust's possession of the original note endorsed in blank. It proved breach of the mortgage and loan modification agreement through the payment history. It gave adequate notice under the mortgage terms and proved damages through its judgment figures. The court granted summary judgment for the Trust. The court then ordered a foreclosure sale on December 1, 2025. [D.E. 26 at Ex. G]. It retained jurisdiction to enter further orders, including writs of possession, attorney's fees, deficiency judgments if Hernandez is not discharged in bankruptcy, and assessments owed to homeowners or condominium associations. [D.E. 21, 25].

The foreclosure sale was continued to January 26, 2026. [D.E. 26 at Ex. H], on Plaintiff's motion to cancel sale following the filing of this federal lawsuit.

### C. *The Current Federal Action*

Plaintiff filed this lawsuit on October 29, 2025, eight days after the foreclosure judgment was recorded and while the state court action remained pending. He filed an amended complaint on November 14, 2025, [D.E. 6] asserting claims for violation of the Truth in Lending Act, the Real Estate Settlement Procedures Act, the Fair Debt Collection Practices Act, fraud and misrepresentation, violation of the Uniform Commercial Code, wrongful foreclosure, constructive trust, deceptive trade practices under Florida law, and declaratory judgment and quiet title relief. Together with the filing of his pleadings, Plaintiff also sought emergency temporary restraining orders

and injunctions that sought to preclude the state court from enforcing its final judgment. [D.E. 15, 34, 36, 41].

The Trust and other named Defendants filed the pending motion to dismiss [D.E. 26], arguing that the claims in the amended complaint were all flawed, based on Rooker-Feldman, the exclusive jurisdiction doctrine, and the failure to state plausible legal claims under Rule 12(b)(6). Plaintiff responded pro se in opposition, summarily concluding that his claims were not foreclosed and that he had valid legal causes of action based on how the state court Judge handled the case. [D.E. 31]. As he summarized his claim in his latest filing, seeking an emergency hearing on his latest motion for preliminary injunction:

> Defendants obtained final summary judgment on October 17, 2025, and conducted a foreclosure sale on January 26, 2026, based on their claim that they are the holders of Plaintiff's promissory note. Summary judgment was improper because genuine issues of material fact existed as to defendant standing and the authenticity of the note. More fundamentally, defendants cannot establish standing because they do not possess the original promissory note and plaintiff's mortgage audit reveals the broken chain of title that defeats their claimed ownership. State court has denied all emergency relief – including plaintiff's emergency motion to set aside sale and objection to the sale – without addressing the fraudulent certification, robo-signed assignments, or lack of standing. This Court is plaintiff's only remaining forum for vindicating federal constitutional and statutory rights.

[D.E. 41 at 2].

## II. ANALYSIS

### A. *Legal Standards*

A defendant may move at the ouset of a case to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). A *Rooker-Feldman*

challenge presents a factual attack on jurisdiction. *See, e.g., Williams v. Dovenmuehle Mortgage Incorp.*, No. 17-60191-CIV, 2017 WL 4303841, at *2 (S.D. Fla. June 16, 2017). A factual attack "challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings such as testimony and affidavits, are considered." *Menchaca v. Chrysler Credit Corp.,* 613 F.2d 507, 511 (5th Cir. 1980). In a factual attack, courts are free to weigh the evidence to satisfy themselves they have the power to hear the case. *See Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990). No presumption of truth attaches to the plaintiff's allegations, and the existence of disputed material facts does not prevent the trial court from evaluating for itself the merits of the jurisdictional claim. *See id.* Moreover, "[i]n the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." *OSI, Inc. v. United States,* 285 F.3d 947, 951 (11th Cir. 2002) (citations omitted).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a short and plain statement showing the pleader is entitled to relief. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts consider the complaint in its entirety, as well as documents incorporated by reference and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

The plausibility standard requires facts enabling the court to draw a reasonable inference that the defendant is "liable for the misconduct alleged." *Iqbal*,

556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### B.     *Jurisdiction Barred Under Rooker-Feldman*

*Rooker-Feldman* is a narrow jurisdictional doctrine that bars parties who lose in state court from appealing that loss to federal district court. *In re Dorand*, 95 F.4th 1355, 1362 (11th Cir. 2024) (quoting *Behr v. Campbell*, 8 F.4th 1206, 1208 (11th Cir. 2021)). The doctrine takes its name from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Those cases hold that federal district courts may not review state court civil judgments because only the Supreme Court may exercise appellate jurisdiction over state court judgments. *Id.*

A claim should be dismissed under *Rooker-Feldman* only when a losing state court litigant asks a district court to modify or overturn an injurious state court judgment. *In re Dorand v. Dorand*, 95 F.4th 1355, 1362 (11th Cir. 2024); *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009). The doctrine reaches cases brought by state court losers complaining of injuries caused by state court judgments rendered

before the federal proceedings began. *Id.* This jurisdictional rule does not apply to all cases where a matter raised in federal court may have also been addressed in state court. *Efron v. Candelario*, 110 F.4th 1229, 1235 (11th Cir. 2024). A viable independent claim, that does not depend on an injury caused by a state court judgment, may still support subject matter jurisdiction. *Id.* (citing *Nicholson,* 558 F.3d at 1274).

But if, on a claim-by-claim basis, recovery in the federal action is predicated on an injury caused by the state court judgment itself, then *Rooker-Feldman* applies. *Id.* at 1236 (citing *Feldman*, 460 U.S. at 486–87) (finding that *Rooker-Feldman* barred a plaintiff's claim that the state court had acted "arbitrarily and capriciously" but not the plaintiff's claim that the underlying state rule was unconstitutional); *Alvarez v. Att'y Gen. of Fla.*, 679 F.3d 1257, 1263 (11th Cir. 2012) (distinguishing a permissible challenge to the underlying constitutionality of a procedure from a barred challenge to the state court's application of that procedure)).  If so, the doctrine applies both to federal claims raised in state court and to those inextricably intertwined with the state court judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

After conducting that claim-by-claim review of the pending amended complaint, Plaintiff's recovery indeed depends on injuries that allegedly flowed from the underlying state court judgment itself.  His claims for wrongful foreclosure and quiet title fall squarely within *Rooker-Feldman*.  He is alleging that the state court ignored his due process arguments and standing challenges to the creditor's claims.  He thus seeks a judgment in this federal court to enjoin a wrongful foreclosure that

followed from that judgment. And his quiet title action seeks to place him back in the position he was prior to the state court judgment. That is a classic case where his claimed injury flows directly from the flawed judgment. "At heart, they challenge the result of the [state court rulings] themselves, seeking to nullify the decisions' effect by mandating the return of the money . . . and explicitly seeking a finding that the . . . decisions were 'wrongful,' 'corruptly procured' and did not entitle the Appellees to the money they were paid." *Efron,* 110 F.4th at 1237-38.

Here Plaintiff is seeking return of the very property that was wrongly taken from him as a result of the state court foreclosure judgment. There is no other way to construe his claims and they, thus, fall squarely within the bar of jurisdiction that *Rooker-Feldman* represents. *See, e.g., Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1320 (S.D. Fla. 2011), *aff'd,* 477 Fed. Appx. 558 (11th Cir. 2012) (federal and state claims were barred under Rooker-Feldman because they were effectively and squarely challenging state foreclosure judgments); *Parker v. Potter,* 368 F. App'x 945, 947-48 (11th Cir. 2010) (rejecting under *Rooker–Feldman* a federal claim under the Truth in Lending Act that sought rescission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890, 892-93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman* ); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132-33 (11th Cir. 2005) (dismissing federal TILA, Fair Debt Collection Practices Act ("FDCPA"), and Equal Credit Opportunity Act ("ECOA") claims under *Rooker–Feldman* because they were inextricably intertwined

with a state-court foreclosure proceeding); *AboyadeCole Bey v. BankAtl.,* No. 6:09–cv–1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Servicing, LLC,* No. 09–61460–CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) ("Although plead[ed] as conspiracy claims ..., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker–Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter.").

So do his other claims like his TILA claim. *See, e.g., Harper v. Chase Manhattan Bank*, 138 F. App'x 130 (11th Cir. 2005) (affirming summary judgment for defendants under same doctrine). The state court foreclosure reached final judgment. This action, filed after that final judgment, asks this Court to reject the judgment as improperly entered. Though the factual allegations are sparse and violate Rule 8(a), Plaintiff requests that this Court bar defendants from enforcing the foreclosure judgment and declare the sale and judgment void ab initio due to fraud. [D.E. 6 at Prayer for Relief]. These requests for relief are inextricably intertwined with the state court judgment. Indeed they relate solely to whether the Trust may foreclose on a loan in default. Under *Rooker-Feldman*, this Court lacks jurisdiction to consider the propriety of the state court foreclosure order through these causes of action. *See also Rolon v. OneWest Bank, FSB*, No. 2:15-cv-305-FtM-29DNF, 2015 WL

2374130, at *1 (M.D. Fla. May 18, 2015) (noting that plaintiffs' request for injunctive relief was premised entirely on their contention that the state court erred in issuing the foreclosure judgment and ordering the foreclosure auction); *Froncek v. Nationstar Mortgage LLC*, No. 2:15-cv-458-FtM-29CM, 2015 WL 12838166, at *1 (M.D. Fla. Aug. 3, 2015).

This Court lacks subject matter jurisdiction. The complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(1) and we need not proceed further.

C.    ***Prior Exclusive Jurisdiction Doctrine Bars the In Rem Claims***

The Trust's state court foreclosure case remains pending—the sale has not yet occurred. Because the state court already exercises in rem or quasi in rem jurisdiction over the property, this Court separately lacks jurisdiction to enter any orders related to the property under the prior exclusive jurisdiction doctrine.

Where a federal court first acquires jurisdiction over property, it may enjoin parties from proceeding in state court if the state action would defeat or impair the federal court's jurisdiction. *Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922). The converse is also true—where the state court first attached jurisdiction, the federal court is precluded from exercising jurisdiction over the same res to defeat or impair the state court's jurisdiction. *Id.* When one court takes a specific thing into its jurisdiction, that res is as much withdrawn from the judicial power of the other as if it had been carried physically into a different territorial sovereignty. Any attempt to seize it by a foreign process is futile and void. *Id.* at 230.

When one court exercises in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res. *Marshall v. Marshall*, 547 U.S. 293,

311 (2006); *see also United States v. $270,000 in U.S. Currency, Plus Interest*, 1 F.3d 1146, 1147-48 (11th Cir. 1993) (per curiam) (citing *Kline*, 260 U.S. at 229); 13F Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3631 & n.16 (3d ed. 2023) (noting that when a state or federal court of competent jurisdiction has obtained possession, custody, or control of particular property, that authority and power may not be disturbed by any other court).

Foreclosure actions are in rem, and the Florida state court already exercises jurisdiction over the property. *Farmers' Loan & Tr. Co. v. Lake St. Elevated R.R. Co.*, 177 U.S. 51, 62 (1900). This federal action asserts claims for wrongful foreclosure and quiet title, which are also in rem or quasi in rem. *Noble Prestige Limited v. Galle*, 83 F.4th 1366 (11th Cir. 2023). Because the state court action and two of Hernandez's claims are in rem or quasi in rem, and because the state court already exercises jurisdiction over the property, this Court cannot exercise in rem or quasi in rem jurisdiction over the same property while the state court action remains pending.

This would apply at least to the claims for quiet title and injunctive relief that would require this Court to take over and reallocate title/possession of the real property at issue in the state court case. Even assuming that the Court did not otherwise lack subject matter jurisdiction, it would at least be barred from granting this form of relief because the state court currently retains control, exclusive control in fact, over the *res* at issue in both cases.

### D. *Amended Complaint Fails to State a Claim*

If we set aside these jurisdictional obstacles, we could still not grant Plaintiff any relief at this point because his allegations fail to support any plausible legal

claim. The amended complaint violates Rule 8(a)(2), which requires a short and plain statement showing entitlement to relief. Fed. R. Civ. P. 8(a)(2). The complaint groups all defendants together and fails to comply with the minimum standards of Rule 8. Instead, offers only vague assertions about securitization, chain of title issues, dual tracking, objections to the state court proceedings, and an imminent illegal eviction and property seizure unless this Court intervenes. [D.E. 6 at ¶¶ 6-11]. But none of these allegations, even if true, would support any of his claims.

To begin with his contention that securitization somehow affects defendants' due process rights is unpersuasive. He identifies no authority supporting this position, and courts have repeatedly rejected this line of reasoning. *Kerr v. Wells Fargo Bank*, No. 2:15-cv-327-FtM-38MRM, 2015 WL 8042272, at *3 (M.D. Fla. Dec. 7, 2015) (citing *Rhodes v. JPMorgan Chase Bank, N.A.*, No. 12-80368-CIV, 2012 WL 5411062, at *4 (S.D. Fla. Nov. 6, 2012) (stating that the subsequent securitization of a note did not deprive the defendant of any legal interest in the promissory note); *Chan & Pao Tang v. Bank of Am., N.A.*, No. SACV 11-2048, 2012 WL 960373, at *7 (C.D. Cal. Nov. 30, 2012) (dismissing *pro se* plaintiffs' claim that securitization of their mortgage affected defendants' power to foreclose); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F.Supp.2d 1092, 1099 (E.D. Cal. 2010) (rejecting plaintiffs' contention that none of the defendants had authority to foreclose because their loan was packaged and resold in the secondary market, where it was put into a trust pool and securitized)).

Even setting aside the lack of legal authority, Plaintiff has alleged no facts—beyond conclusory statements—that make it plausible that securitization had any impact on defendants' rights or obligations under the loan. His claims of relief that depend on this theory are thus not plausible. *Kerr*, 2015 WL 8042272, at *3.

The same is true with respect to the chain of title issue. The documents recorded against the property demonstrate a complete chain, as the state court found in entering the judgment of foreclosure. Regardless, Plaintiff's claim is barred by the claim preclusion doctrine. *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999). Where claim preclusion applies, it precludes not only the precise legal theories presented in the prior case, but also all legal theories and claims arising out of the same nucleus of operative fact. *Seminole Tribe of Fla. v. Biegalski*, 757 F. App'x 851, 856-57 (11th Cir. 2018) (quoting *Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013)).

Plaintiff raised the chain of title issue in his response to the Trust's state court motion to strike. [D.E. 26, Ex. I at 2 (stating that defendant's judicial notice raises issues of fraud in the chain of title, documentation, and representations made by plaintiff)]. The state court nevertheless granted judgment in the Trust's favor following the assertion of this theory. Basic principles of claim preclusion would bar Plaintiff from raising the same theory here. *Seminole Tribe*, 757 F. App'x at 856-57.

On another front, Plaintiff alleges dual tracking in violation of federal servicing regulations, [D.E. 6 at ¶ 9], but he fails to explain how this vague factual allegation

supports any asserted claim. Any dual tracking theory would also barred under claim preclusion for the same reasons the chain of title theory is barred.

And, finally, Plaintiff fails to plead plausible factual allegations – beyond his conclusory theories – how the state court foreclosure hearing was conducted suing fraudulent pretenses or robo-signed, unauthenticated, and securitized documents. [D.E. 6 at ¶ 10]. Again, claim preclusion applies, but even if it did not, Plaintiff cannot actually point to any specific document that is robo-signed, unauthenticated, or securitized, or explain why the state court's consideration of this unidentified document gives rise to any claim. He has certainly challenged the state court's reliance on the loan agreement presented in the record of the state court action, but to the extent that is what was "robo-signed" the state court judge found the exhibit to be legal and admissible. We are in no position to intervene to second-guess that determination. Of course, Plaintiff can appeal the state court judgment to a Florida state appellate court. He cannot, however, seek relief in this court to blindly overturn the state court judgment's reliance on these documents.

### III.   CONCLUSION

While the Court is certainly sympathetic to his financial plight, Plaintiff ultimately cannot seek relief in this Court for what has happened to his property. State court is the primary jurisdiction to adjudicate Florida property claims and defenses. The *Rooker-Feldman* and prior exclusive jurisdiction doctrines prevent him from re-litigating the state court foreclosure in this federal court. Federal courts are courts of limited jurisdiction. They do not sit as appellate bodies overseeing state courts. And, apart from that, the claims that he has pleaded in this amended

complaint are just not viable as a matter of law. The Court regrets that it simply has no basis of jurisdiction or power to help Plaintiff overcome the state court judgment. Again, he is free to appeal the judgment or post-judgment orders to an appellate court in Florida. If timely, an appellate court is the proper body to review the validity of the state court foreclosure judgment. This case is not the vehicle to do so.

The amended complaint is thus DISMISSED. The Court will, however, grant Plaintiff one opportunity to amend his complaint if in fact he has any viable causes of action that do not require this Court to question the validity of the state court judgment itself. The action will thus not be closed for now. Any amended complaint must be filed within twenty-one days.

**DONE and ORDERED** in Chambers at Miami, Florida this 12th day of February, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge